**STATE of Iowa, Plaintiff-Appellee,**

v.

**Larry Jene ARMSTRONG,**
**Defendant-Appellant.**

**No. 84–935.**

Court of Appeals of Iowa.

Aug. 29, 1985.

Charles Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

Defendant appeals from conviction and sentence for two counts of first-degree murder, in violation of Iowa Code sections 707.1 and 707.2 (1983), asserting that he was denied a fair trial by trial counsel's failure to challenge the prosecutor's re-

marks during closing argument regarding the provocation defense, and the trial court erred in admitting color photographs of the victim when less prejudicial, equally probative black and white photographs could have been used.

Defendant, Larry J. Armstrong, was charged with two counts of first-degree murder for the stabbing deaths of his estranged wife, Joyce, and his 20-year-old son, Ricky (Joyce's stepson). Prior to trial, defendant filed a motion in limine seeking to exclude color photographs showing the nude bodies of the two victims and numerous stab wounds. In the alternative, defendant requested that black and white prints be substituted in lieu of the color prints. Both requests were denied. The color photos were subsequently admitted into evidence at trial.

Defendant testified that he flew into a rage and killed Joyce and Ricky after learning that the two were living together and were having a sexual relationship. The defense presented expert testimony that defendant suffered from an antisocial personality disorder.

In his closing argument, the prosecutor told the jury:

> You are instructed that a serious provocation is conduct that would excite in a reasonable person a sudden, violent and irresistible passion. However, regardless of how sudden, violent and irresistible the passion may be, if there is an interval of time which is a sufficient time for a person of ordinary reason and temper to regain his control and suppress the impulse to kill, then the act of the defendant cannot—was not committed solely by reason of passion caused by a serious provocation.
>
> And what's the important word in both of those instructions? It's the word "reasonable." The same standard by which you judge the case, reasonable doubt, is the same person who must become provoked. Not antisocial personality, not self-centered, not quick temper, but a reasonable man, or, person. Excuse me. It's not Larry Armstrong that

must be provoked, it is anyone. It is you and it is me. You must be provoked. Reasonable doubt, and reasonable man.

The comments were not objected to at the time, but were later challenged in a motion for new trial. The motion was denied. This case is on direct appeal.

## I. Ineffective Assistance of Counsel

Defendant contends that trial counsel's failure to timely object to the prosecutor's characterization of the reasonable person standard and/or request an instruction defining such standard for the jury amounted to ineffective assistance of counsel and denied him a fair trial. We find no merit in this claim.

■ Iowa recently adopted the test for ineffective assistance of counsel claims which was set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See State v. Losee,* 354 N.W.2d 239, 243 (Iowa 1984). Defendant must show: (1) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the sixth amendment, and (2) that the deficient performance so prejudiced the defense as to deprive defendant of a fair trial. *Losee,* 354 N.W.2d at 243, *citing Strickland,* 466 U.S. at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

The court in *Strickland* stated that "although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same or even to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at ——, 104 S.Ct. at 2069–70, 80 L.Ed.2d at 699. Following this directive, we choose to address this issue by only analyzing the prejudice component.

■ We are convinced that the record does not indicate defendant was so prejudiced by counsel's actions regarding the reasonable person standard that defendant

was denied a fair trial. Because ample evidence of premeditation and prior knowledge of the victims' sexual activities was offered, it is unlikely that the prosecutor's comments meaningfully impaired defendant's provocation defense. We are not persuaded that the prosecutor's statement on the reasonable person standard affected the verdict.

## II. Color Photographs·

Defendant does not contest the admissibility of photographs generally, but whether black and white photographs should have been used instead of color photographs. Defendant raised this issue in the motion in limine and the trial court denied the motion. Defendant concedes there are no modern Iowa cases reversing a conviction on a prejudicial photograph issue and that seldom would prejudice from a photograph rise to such a level that a conviction must be reversed. Defendant does maintain, however, that when the prosecution has a less prejudicial means of illustrating its evidentiary proposition, the less inflammatory photograph should be used.

■ Trial courts have discretion in determining whether the value of pictures as evidence outweighs their grisly nature. *State v. Hickman*, 337 N.W.2d 512, 516 (Iowa 1983). The trial court's ruling will not be overruled unless a clear showing of an abuse of discretion is present. *State v. Albers*, 174 N.W.2d 649, 657 (Iowa 1970). Moreover, Iowa courts have regularly admitted color photographs of victims' bodies. *See State v. Seehan*, 258 N.W.2d 374, 378 (Iowa 1977); *State v. Niccum*, 190 N.W.2d 815, 829 (Iowa 1971); *State v. Albers*, 174 N.W.2d at 657.

■ The photographs in question were undoubtedly relevant and not unduly grisly. The issue is whether black and white photographs would have been equally probative and less inflammatory. The photographs at issue showed the cleansed bodies of the victims and revealed the stabbing wounds. No blood was present on the bodies. In addition, black and white photographs were not taken of the bodies. We cannot hold that these photographs were more inflammatory to the jury than black and white photographs would have been. Thus, we are unwilling to disturb the trial court's ruling. *See People v. Mathis*, 63 Cal.2d 416, 46 Cal.Rptr. 785, 406 P.2d 65 (1965) (although defendant objected to use of color photographs instead of black and white photographs, trial court decision upheld); *State v. Hanna*, 191 A.2d 124, 150 Conn. 457 (1963) (that the photographs were colored instead of black and white was no ground for exclusion).

AFFIRMED.